## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

## CIVIL NO.  1:06CV219
## (1:03CR97-2)

BRUNO SAUCEDO-OLVERA, )
         )
   Petitioner,  )
         )
   Vs.    )  **ORDER OF DISMISSAL**
         )
         )
UNITED STATES OF AMERICA, )
         )
   Respondent. )
         )

**THIS MATTER** is before the Court on the Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  No response is necessary from the Government.

A prisoner in federal custody may attack his conviction and sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack. **28 U.S.C. § 2255.**  However,

> [i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge

2

shall make an order for its summary dismissal and cause the
movant to be notified.

**Rule 4, Rules Governing Section 2255 Proceedings for the United**

**States District Courts.**

On October 28, 2003, the Petitioner and a co-Defendant were

charged with conspiracy to possess with intent to distribute

methamphetamine in violation of 21 U.S.C. §§ 841 and 846; the Petitioner

was also charged with using a firearm during and in relation to a drug

trafficking offense in violation of 18 U.S.C. § 924(c).  **Bill of Indictment,**

**filed October 28, 2003.**  On January 9, 2004, pursuant to a plea

agreement with the Government, the Petitioner pled guilty to both counts of

the indictment.  On June 30, 2004, the undersigned sentenced the

Petitioner to a term of 120 months of imprisonment on Count One and a

term of 60 months imprisonment on Count Two to be served consecutively

with the sentence imposed for Count One, for a total of 180 months.

**Judgment in a Criminal Case, filed July 12, 2004.**  The Petitioner did not

file an appeal of his conviction and/or sentence.  Therefore, the Petitioner's

conviction became final on July 22, 2004. *United States v. Wilson*, **256**

**F.3d 217, 221 (4ᵗʰ Cir. 2001) (citing *Kapral v. United States*, 166 F.3d**

**565, 577 (3d Cir. 1999)); *United States v. Walker*, 194 F.3d 1307 (table),**

3

**1999 WL 760237 (4th Cir. 1999) (citing *Adams v. United* States, 173**

**F.3d 1339, 1343 n.2 (11th Cir. 1999)).** Petitioner signed his § 2255 motion

on July 16, 2006, and same was filed in this Court on July 20, 2006.

> Prior to the Antiterrorism and Effective Death Penalty Act
> (AEDPA), a prisoner possessed virtually unlimited amounts of
> time to file a first petition for collateral review under 28 U.S.C.
> §§ 2254 and 2255. In an attempt to curb the protracted nature
> of such litigation, Congress established a one-year period of
> limitations. . . . In relevant part, the AEDPA amended § 2255
> by adding the following language:
>
> > A 1-year period of limitation shall apply to a motion
> > under this section. The limitation period shall run
> > from the latest of -
> > > (1) the date on which the judgment of
> > > conviction becomes final; . . . .
>
> We are left with the question of when a judgment is to be
> considered final. The Supreme Court has addressed the
> question of finality in the context of retroactivity. The Court
> defined a conviction as being final when "a judgment of
> conviction has been rendered, the availability of appeal
> exhausted, and the time for a petition for certiorari elapsed or a
> petition for certiorari finally denied."

*Gendron v. United States,* **154 F.3d 672, 673-74 (7th Cir. 1998) (quoting**

*Griffith v. Kentucky,* **479 U.S. 314, 321 n.6 (1987)).** The Court concludes

that the Petitioner's motion was filed two years after his conviction became

final, and therefore, is untimely filed. *Id.*

4

**IT IS, THEREFORE, ORDERED** that the Petitioner's motion to

vacate, set aside, or correct sentence is hereby **DISMISSED WITH**

**PREJUDICE.**

Signed: July 26, 2006

Lacy H. Thornburg
United States District Judge